**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**LYNDALEE EBNER**

Plaintiff,

v.

**TARGET CORPORATION**

Defendant.

---

**CIVIL COMPLAINT AND JURY DEMAND**

---

The Plaintiff, Lyndalee Ebner, by and through her undersigned attorneys, ZANER LAW, hereby files this Civil Complaint and Jury Demand and asserts as follows:

## INTRODUCTION

1. This personal injury action arises out of a premises liability incident that occurred on March 23, 2024, in Westminster, Colorado. Plaintiff was shopping at a Target store when she slipped on a wet substance in an aisle and fell. As a result of the fall, Plaintiff broke her ankle. It is likely that Plaintiff will have surgery to fix her ankle. Plaintiff claims Defendant failed to exert reasonable care to maintain the Target store.

## JURISDICTION AND VENUE

2. Plaintiff resides in the State of Colorado.

3. Target is headquartered in Minneapolis, Minnesota.

4. The incident out of which Plaintiff's cause of action arises occurred in Westminster, Colorado.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is a civil action in which the parties are citizens of different states.

6. Venue is proper in this District under 28 U.S.C. § 1391 as this is the District in which Plaintiff sustained her injuries, losses, and harm, out of which this action arises.

## FACTUAL ALLEGATIONS

7. On or about March 23, 2024, Plaintiff was shopping at a Target store with her grandchildren. The Target store is located at 14451 Orchard Pkwy., Westminster, CO 80023.

8. As Plaintiff was getting a milk out of a refrigerated cooler, she slipped on a wet substance on the ground and fell.

9. As a result of the fall, Plaintiff broke her ankle. Plaintiff continues to have significant issues with her ankle and continues to treat for her injuries.

10. Defendant knew or should have known that the wet substance was a potential danger to customers such as Plaintiff.

11. Defendant knew or should have known that it needed to use reasonable care to mitigate or otherwise warn of the wet substance.

12. Defendant failed to use reasonable care to mitigate or otherwise warn of the wet substance and Plaintiff was injured.

13. As a result of the incident, Plaintiff sustained significant injuries including, but not limited to, a fractured ankle. As a result of the incident, it is likely that Plaintiff will undergo surgery.

14. As a result of the incident, Plaintiff has undergone significant medical treatment.

15. Upon information and belief, at all times relevant to this action, Defendant was a statutory “landowner” under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

16. Defendants had a legal duty to reasonably maintain the sales floor of the Premises.

17. Plaintiff did not cause her incident-related injuries.

18. Plaintiff was not comparatively negligent in causing the incident described above.

19. Plaintiff was not comparatively negligent in causing the injuries she suffered as a result of the incident described above.

20. As a direct and proximate result of the incident described above, Plaintiff suffered damages.

21. As a direct and proximate result of the incident described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

22. As a direct and proximate result of the incident described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

23. As a direct and proximate result of the incident described above, Plaintiff suffers from lasting physical impairment and disfigurement.

**FIRST CLAIM FOR RELIEF**

**Statutory Premises Liability pursuant to C.R.S. § 13-21-115**

24. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 23 of this Civil Complaint and Jury Demand as if set forth *verbatim*.

25. Defendant, as a “landowner” of the Premises, had a duty of to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

26. At all times relevant to this action, Plaintiff was an “invitee” of the Premises.

27. At all times relevant to this action, it was foreseeable that leaving a wet substance on the ground of the Premises would create a slip hazard.

28. At all times relevant to this action, it was foreseeable that stepping on the wet substance could result in injury to Plaintiff.

29. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

30. At all times relevant to this action, Defendant had a duty to exercise reasonable care to protect Plaintiff against dangerous conditions on the Premises.

31. Defendant failed to use reasonable care to protect Plaintiff in the following respects:

a. Failure to perform adequate inspections of the sales floor;

b. Failure to train employees to inspect for and mitigate hazards on the sales floor;

c. Failure to supervise employees to ensure that hazards on the sales floor were inspected for and mitigated;

d. Failure to warn of the wet substance; and

e. Failure to clean up the wet substance in a reasonable time.

32. Defendant's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was the direct and proximate cause of Plaintiff's injuries.

33. Defendant's breach of the aforementioned duties caused Plaintiff to sustain damages.

**WHEREFORE**, Lyndalee Ebner, in an amount to be determined by the trier of fact for her losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief as the Court may deem appropriate, just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: 12/11/25

Respectfully submitted,

ZANER LAW, LLP

*/s/Joseph Woelkers*
Joseph Woelkers, #45559
1610 Wynkoop Street, Suite 300
Denver, CO 80202

Phone: (303) 563-5354
Fax: (303) 563-5351
Email: jw@zanerlaw.com

Plaintiff's Address:
6113 Summit Peak Ct. unit 103
Erie, CO 80516